## GINSBERG v. AUTOMOBILE COACHING CO. et al.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

1. CORPORATIONS (§ 547*)—TRANSFER OF PROPERTY—LIABILITY OF STOCKHOLD-
   ER—COMPLAINT—SUFFICIENCY.

   Where, in an action for an accounting of property of a corporation, brought against a stockholder under Stock Corporation Law (Consol. Laws 1909, c. 59) § 66, restricting transfers of a corporation's property to its stockholders, the complaint alleged that the defendant was a shareholder and that the corporation on July 18, 1907, while insolvent, executed to him certain chattel mortgages upon all its property, and that prior to May 1, 1908, the plaintiff commenced an action, and on that date recovered judgment against the corporation for the death of an employé, but did not allege that the chattel mortgages were given without adequate consideration or in payment of an antecedent debt, or that on July 18, 1907, the plaintiff was a creditor of the corporation or had any claim against it, or state the date of the death of plaintiff's decedent, it was demurrable.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2178–2181; Dec. Dig. § 547.*].

2. CORPORATIONS (§ 547*)—TRANSFER OF PROPERTY—LIABILITY OF STOCKHOLD-
   ER—RIGHT OF ACTION.

   Where property is mortgaged to a stockholder in violation of Stock Corporation Law (Consol. Laws 1909, c. 59) § 66, an action may be maintained against the stockholder to compel an accounting for the property by the holder of a judgment against the corporation for wrongful death caused by the corporation's negligence, where the death occurred before the execution of the mortgage, although judgment is not entered until after its execution.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2178–2181; Dec. Dig. § 547.*]

Appeal from Special Term, New York County.

Action by Louis Ginsberg, as administrator, against the Automobile Coaching Company and others. From an order granting motion for judgment on the pleadings, defendants appeal. Reversed, and motion for judgment denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

John J. Halpin, of New York City, for appellants.
Gustavus A. Rogers, of New York City, for respondent.

SCOTT, J. This is an action by a judgment creditor of the defendant corporation to require the individual defendant to account for certain personal property of the corporation conveyed to said defendant through the execution of chattel mortgages. The pleadings consist of a complaint and a demurrer.

[1] The action is brought under the provisions of section 66 of the Stock Corporation Law (Consol. Laws 1909, c. 59). The complaint alleges the recovery by plaintiff on May 1, 1908, of a judgment for damages for the death of his decedent, and that said judgment was duly docketed, execution issued thereon and returned unsatisfied, and that said judgment remains unpaid. It is alleged that the individ-

ual defendant was a "shareholder and otherwise interested in the company," and that on July 18, 1907, the said company being insolvent and in contemplation of insolvency, and with the intent of giving a preference to the individual defendant, executed and delivered to said defendant chattel mortgages upon automobile sight-seeing touring cars which were then the property of the company. It is not alleged that these chattel mortgages were given without consideration, or upon inadequate consideration, or in payment of an antecedent debt due to said defendant. It is alleged that, at the time of the execution of the mortgages, the automobiles mortgaged constituted the sole assets of the company, and that its liabilities exceeded its assets. The plaintiff treated the demurrer as frivolous, and moved for judgment upon that ground; but, so far is it from being frivolous, it is clearly good. The transfers of which plaintiff complains are alleged to have been made on July 18, 1907, and there is no allegation that on that date plaintiff was a creditor of the corporation or held any claim against it. All that is said on that score is that "prior to the 1st day of May, 1908," the plaintiff commenced an action, but when the death of plaintiff's decedent occurred which gave rise to the action does not appear. It is probably true that plaintiff became a creditor as soon as he was appointed administrator because the liability of the defendant corporation accrued when the death occurred.

[2] If the death had been caused before the transfer, although judgment was not entered thereon until afterwards, the plaintiff could maintain the action (Kain v. Larkin, 4 App. Div. 209, 38 N. Y. Supp. 546); but there is no such allegation.

We are also of the opinion that no cause of action is stated against Charles Burkelman in his representative capacity. Even if he held shares in the defendant corporation as executor, and the chattel mortgage was in form made to him as executor, the cause of action the plaintiff has attempted to set out is one against him personally, and not against the estate of which he is executor.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion for judgment denied, with $10 costs. All concur.