OWEN S. M. TIERNEY, as Trustee in Bankruptcy of the Estate of LEXINGTON LEATHER GOODS CO., INC., Respondent, *v.* J. C. DOWD & CO., INC., Appellant.

**Corporations — debtor and creditor — execution and delivery by corporation to stockholder of chattel mortgage covering all of its property — when not invalid under section 15 of Stock Corporation Law — meaning of words " notes or other obligations " as contained in statute — transfer not prohibited unless corporation had refused to pay indebtedness evidenced by written paper — control of corporation by mortgagee does not of itself render transfer of property illegal — indebtedness to transferee evidenced by writing does not invalidate transfer.**

1. The words " notes or other obligations " contained in section 15 of the Stock Corporation Law providing that " no corporation which shall have refused to pay any of its notes or other obligations when due * * * shall transfer any of its property to any of its officers, directors or stockholders " does not include indebtedness for merchandise or for work, labor and services upon a running account or which has not been embodied in some more or less formal writing and does not prohibit a transfer of corporate property unless the corporation had refused to pay its notes or some other liability embodied or fixed in a written instrument.

2. Where, in an action brought by the trustee of a bankrupt corporation to have set aside a chattel mortgage executed by the corporation to the defendant, who owned a majority of its stock and whose employees constituted a majority of its directors and officers, after an accounting between the defendant and the corporation a sum of money had been found to be due to defendant for goods sold and delivered and for work, labor and services rendered and that thereafter the mortgage in suit was executed and delivered to the defendant to secure the payment of that indebtedness and an additional sum since accrued for work, labor and services and goods sold and delivered; that no other consideration was given for the mortgage and that at the time the corporation was indebted to others on running accounts for merchandise sold and delivered to it which indebtedness was past due and which the corporation had refused to pay, and it appears from the evidence that at the time the corporation was not insolvent and the transfer was not made to give the defendant a preference over other creditors, a conclusion that the chattel mortgage was invalid under section 66 (now 15) of the Stock Corporation Law can-

not be sustained in the absence of a finding that the indebtedness which the corporation refused to pay constituted notes or other obligations evidenced by a written instrument.

3. The control of the corporation by the defendant through its stock ownership and the election of the defendant's own employees as a majority of the board of directors 'does not itself render the corporate transfer of property to the defendant illegal.

4. An indebtedness of the corporation to the defendant evidenced by a written instrument at the time it executed the chattel mortgage would not invalidate the mortgage for it would be unreasonable to hold that the prohibition of the statute applied when the only " obligation " which the corporation had refused to pay was in fact intended to be satisfied by the transfer of its corporate property to its creditor.

*Tierney* v. *Dowd & Co.*, 207 App. Div. 896, reversed.

(Argued April 10, 1924; decided May 20, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Martin Conboy, Peter F. McAllister* and *Henry T. Hall* for appellant.    The debts owing to the mortgagor including that due J. C. Dowd & Co., Inc., are not " notes or other obligations " and were not demanded or refused as required by the statute. (*Munzinger* v. *United Press,* 52 App. Div. 338; *City of New York* v. *N. Y. & S. B. F. & T. Co.*, 231 N. Y. 18; *Karasik* v. *People's Trust Co.*, 252 Fed. Rep. 324; *Smith* v. *B. U. El. Ry. Co.*, 193 N. Y. 335; *Matter of Thompson,* 277 N. Y. 111; *Brynopsky* v. *L. V. R. R. Co.*, 228 N. Y. 245.)    The debt due J. C. Dowd & Co., Inc., cannot be made a basis for invalidating the chattel mortgage in question. (*Throop* v. *Hatch Lithographic Co.*, 125 N. Y. 530.)

*Simon Sultan, Herman G. Robbins* and *Samuel Duberstein* for respondent.    The Lexington Leather Goods

Company had refused to pay its obligations above referred to when due, in lawful money of the United States within the purview of section 66 of the Stock Corporation Law. (*Caesar* v. *Bernard*, 156 App. Div. 724; 209 N. Y. 570; *Olney* v. *Baird*, 7 App. Div. 95; *Throop* v. *Hatch*, 125 N. Y. 530; *Stanton* v. *Jerome*, 54 N. Y. 480; *Volkening* v. *De Graaf*, 81 N. Y. 270; *Kerasik* v. *People's Trust Co.*, 252 Fed. Rep. 324.)

LEHMAN, J. On the 16th day of July, 1918, the Lexington Leather Goods Co., Inc., executed and delivered to the defendant a chattel mortgage covering all its property and effects to secure the payment of the sum of $14,371.61 due to the defendant herein. A petition in involuntary bankruptcy was filed against the Lexington Leather Goods Co., Inc., on November 20th, 1918, and it was adjudged bankrupt on May 8th, 1919. At the time the chattel mortgage was executed the defendant held a majority of the capital stock of the Lexington Leather Goods Co., Inc., and a majority of the directors and officers were employees of the defendant. The plaintiff suing as trustee in bankruptcy has brought this action seeking to have the chattel mortgage declared null and void on the ground that its execution and delivery " was in violation of section 66 of the Stock Corporation Law " (Cons. Laws, ch. 59) and constituted an assignment of corporate property made while the corporation was insolvent and with the intent of giving a preference to the defendant over other creditors of the insolvent corporation.

Section 66 (now section 15) of the Stock Corporation Law provides in part:

" No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the

1924.]              Opinion, per Lehman, J.        [238 N. Y. 282]

payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof   *   *   *   when the corporation is insolvent or its solvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid." In the present case there is no evidence that at the time the chattel mortgage was executed and delivered the corporation was insolvent, and the evidence not only fails to establish that the transfer of property was made with the intent of giving a preference, but, on the contrary, it appears that all the debts of the corporation due at the time the chattel mortgage was given were paid before the bankruptcy proceedings with the exception of the debt due this defendant and a small balance due on the account of another creditor. The trial justice has consequently made no findings in favor of the plaintiff on these points, but has rendered a decision in favor of the plaintiff based on evidence presented and findings made, intended to bring this case within the prohibition of the first sentence of the statute quoted above. The unanimous affirmance of these findings leaves open for review here only the question of whether these findings sustain the conclusions of law.

These findings establish that on May 1st, 1918, an accounting was had between the defendant and the Lexington Leather Goods Co., Inc., upon which accounting the sum of $13,811.04 was found to be due to the defendant for goods sold and delivered, and for work, labor and services rendered. On July 16th, 1918, the Lexington Leather Goods Co., Inc., executed and delivered the chattel mortgage which the plaintiff now seeks to set aside " to secure the payment of the sum of $14,371.61 due to the defendant herein which indebtedness consisted of said sum of $13,811.04 due as aforesaid and of $560.57

accrued since for work, labor and services and goods sold and delivered by the said defendant to said Lexington Leather Goods Co., Inc." No other consideration was given for the execution and delivery of this chattel mortgage and at that time " the Lexington Leather Goods Co., Inc., was indebted to one Sellwyn Paper Co., for goods, wares and merchandise theretofore sold and delivered by the said creditor of the said Lexington Leather Goods Co., Inc., in the sum of $1,582, which sum was then past due and owing, and which sum was theretofore duly demanded from said Lexington Leather Goods Co., Inc., and the said Lexington Leather Goods Co., Inc.; then and theretofore refused to pay said sum or any part thereof, and said Lexington Leather Goods Co., Inc., was also indebted at said time to other creditors for merchandise theretofore sold by them to said Lexington Leather Goods Co., Inc., and which obligations were past due and which obligations said Lexington Leather Goods Co., Inc., had refused to pay and remained unpaid."

The evidence establishes and the trial judge has further found at the request of the defendant that the indebtedness of the Lexington Leather Goods Co., Inc., aside from the indebtedness to the defendant was on " running account " and there is no finding that any promise to pay such indebtedness was ever embodied in any written paper. The control of the corporation by the defendant through its stock ownership and the election of the defendant's own employees as a majority of the board of directors does not itself render the corporate transfer of property to the defendant illegal. The remaining director took part in the transaction and it is not claimed that it was not approved by the remaining stockholders; in fact inferentially the findings show the contrary. The transfer was made for a valid consideration, viz., a pre-existing admitted obligation which could not be met from current funds, and it facilitated the continuance of the

corporate business according to the desires of its president. The corporation was not insolvent and the transfer was not made to give the defendant a preference over other creditors. The conclusion that the chattel mortgage was invalid under the provisions of section 66 of the Stock Corporation Law can, therefore, be sustained only if the indebtedness of the corporation which it had, according to the findings, previously " refused " to pay, constitutes " notes or other obligations " within the meaning of the statute.

This court has not yet been called upon to construe these words for in spite of the long period in which the statute has existed, no case in this court has been cited in which the contention has been made that the words " notes or other obligations " could include indebtedness for merchandise or for work, labor and services upon a running account or which has not been embodied in some more or less formal writing. A history of the statute and consideration of its purpose makes such a contention untenable. Before the Stock Corporation Law was enacted the provisions of section 4, title 4, chapter 18, part I of the Revised Statutes were intended " to secure equality among creditors and to prevent fraudulent transfers in fraud of their rights. The statute provides for two cases: first, where the corporation has refused payment of its notes, or other evidence of debt, and is in default, it prohibits any subsequent assignment or transfer by the corporation or any of its officers, directly or indirectly, of any of its property, to any officer or stockholder, in payment of a debt, and, second, it prohibits any transfer or assignment whatever on any consideration to an officer, stockholder or other person in contemplation of insolvency." (*Throop* v. *Hatch Lithographic Co.*, 125 N. Y. 530, 533.) In the revision of the statute its language as embodied in section 66 of the Stock Corporation Law was changed in several respects and the words " notes or other obligations when due " were substituted for the words " notes or

other evidences of debt," but the new statute has evidently the same general purpose and the change of phraseology which has been made in the revision of the statute seems to indicate a desire to clarify rather than to amend the original legislative intent. The word "obligation" had originally the signification of a .bond containing a penalty with a condition annexed and though it has now gained very broad and comprehensive legal signification in certain contexts, yet ordinarily it is still limited to an obligation embodied in some form of written instrument. In the case of *Munzinger* v. *United Press* (52 App. Div. 338) the Appellate Division, first department, upon these considerations decided that the provision of the Stock Corporation Law relied upon in this case did not prohibit a transfer of corporate property unless the corporation had refused to pay its notes or some other liability embodied and fixed in a written paper. For the same reasons. we conclude that that .decision was correct. To hold otherwise would be to impute to the legislature an intent to impose upon corporate action a restriction which was certainly not included in the original statute and which is not clearly indicated by the language of the present statute. Such a restriction upon corporate action which, as in this case, would limit the right of the stockholders to use the corporate property to pay or secure an existing indebtedness, even though the corporation was not insolvent and there was no intent to prefer a particular creditor, should not rest upon doubtful inferences of legislative intent. While in the case of *City of New York* v. *New York & S. B. Ferry & S. T. Co.* (231 N. Y. 18) this court gave the words " debts and obligations," as used in another section of the Stock Corporation Law, a wider meaning, yet it indicated the limitation of that decision and that it had no application to the question now under consideration, by stating in the opinion that " no doubt they have a narrower meaning at some times and in some contexts. (*Munzinger* v. *United Press, 52*

App. Div. 388.) " (See, also, *Karasik* v. *Peoples Trust Co.*, 252 Fed. Rep. 324.)

We have not overlooked the claim of the plaintiff that the corporation at the time it executed and delivered this chattel mortgage was indebted to the defendant upon an account stated evidenced by a written instrument signed by the president of the corporation. Even if a written instrument signed by the president when acting not as president but individually could be regarded as an " obligation " of the corporation, and even if there were an appropriate finding in this regard, yet the chattel mortgage would still not be void under the statute for it would be unreasonable to hold that the prohibition of the statute applied when the only " obligation " which the corporation had refused to pay was in fact intended to be satisfied by the transfer of the·corporate property to its creditor.

The judgment should, therefore, be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.