HALSTED JAMES and FREDERICK O. BECKER, Respondents, v. SOUTH SIDE ESTATES, INC., and Others, Defendants, and WILLIAM H. DOOR, Appellant.— In this action for the reformation and foreclosure of a second mortgage for $60,000 on property at Wantagh, Long Island, the appellant, Door, a judgment creditor of the mortgagor in the amount of $49,396.78 for commissions on the sale of real property, answered the complaint and interposed five counterclaims in which he pleaded that the bond and mortgage in suit were invalid under section 15 of the Stock Corporation Law, and also under relevant sections of the Debtor and Creditor Law, and had been executed, delivered and accepted in furtherance of a wrongful conspiracy by the mortgagor and certain of its creditors to deprive the appellant and others of their rights in the mortgaged premises. In his answer the appellant

prayed that the complaint be dismissed, that the bond and mortgage be adjudged void, and that the mortgage be canceled and discharged of record. After trial the court at Special Term granted judgment dismissing the appellant's counterclaims on the merits, directing reformation and foreclosure of the mortgage and a sale of the mortgaged premises. Judgment reversed on the law and the facts, with costs, and judgment directed in favor of appellant, with costs, dismissing the complaint on the merits, sustaining the counterclaims as hereinafter indicated, canceling the bond and mortgage and directing that the mortgage be discharged of record. The credible evidence does not support the following findings of the trial court, some of which are designated as conclusions of law: (1) That the fair and reasonable value of the real property of defendant South Side Estates, Inc., was in September, 1932, and May, 1933, $289,700; (2) that of the total sum of the bond and mortgage of $60,000, $39,281.46 was based upon present consideration and $20,718.54 to secure antecedent indebtedness; (3) that from a date prior to the 14th day of September, 1932, to and including the date of the commencement of this action defendant South Side Estates, Inc., was at no time insolvent, and that prior to September 14, 1932, that defendant had not refused to pay its obligations when due in lawful money of the United States; (4) that the bond and mortgage were not given to plaintiffs with the intent of giving a preference to them and those whom they represented over other creditors of the said corporation at a time when said corporation was insolvent or its insolvency was imminent; (5) that the bond and mortgage were not made without present consideration and were not made with intent to hinder, delay and defraud defendant Door of his rights as against the property of defendant South Side Estates, Inc.; (6) that the bond and mortgage were not made without a fair consideration and at the time of the making of such bond and mortgage the defendant South Side Estates, Inc., was not thereby rendered insolvent; (7) that upon the making of said bond and mortgage the defendant South Side Estates, Inc., did not retain an unreasonably small capital with which to meet its obligations; (8) that the execution and delivery of said bond and mortgage and the acceptance of the same were not part of and were not in furtherance of any fraudulent conspiracy on the part of defendant South Side Estates, Inc., plaintiffs and those represented by plaintiffs or any one else, and were not made with the intent and purpose of depriving defendant Door and the creditors of defendant South Side Estates, Inc., of any of their rights as against the property of defendant South Side Estates, Inc.; (9) that there was no fraud, either actual or constructive, in the execution and delivery of the bond and mortgage on the part of any person or corporation; and (10) that defendant South Side Estates, Inc., had and still has a considerable amount of real property which, with the expenditure of money, may become profitable; that all the acts of the corporation were done in good faith and with the evident purpose of taking care of the obligations of the corporation and preserving its property. In our opinion, the greater weight of the credible evidence establishes (1) that when the bond and mortgage became effective upon its delivery, June 2, 1933 (Jones Law of Mortgages [8th ed.], § 106), the mortgagor had in factual effect refused to pay its notes and other obligations (*Tierney* v. *Dowd & Co.*, 238 N. Y. 282) when due, in lawful money of the United States — within the contemplation of the first sentence of section 15 of the Stock Corporation Law, and, therefore, that the bond and mortgage, the latter of which in legal effect transferred (*Shepard Co.* v. *Taylor Publish-*

*ing Co.*, 234 N. Y. 465) indirectly property of the corporate mortgagor, through the plaintiffs, as trustees of the bond and mortgage, to twenty-five persons who were stockholders, officers or directors of the said mortgagor (Stock Corporation Law, § 15) and to two others (Gahagan Company and Pfeiffer) who were not in that category, from which it follows, as to the first counterclaim, that the mortgage was void as far as the beneficial interests therein of said twenty-five persons were concerned, but not as to Gahagan Company and Pfeiffer, neither of whom was a stockholder, officer or director of the mortgagor corporation; the evidence sustains the first counterclaim in such phase, but only in part as stated; (2) that on June 2, 1933, the corporate mortgagor was insolvent and such bond and mortgage were given to the plaintiffs as trustees for those twenty-seven beneficiaries, each of whom, without exception, was on that day a creditor of the mortgagor, holding a debt past due, with the intent of preferring those beneficiaries, creditors, who, including plaintiffs (trustees and also beneficiaries), had reasonable cause to believe that such security would make such preference; therefore, said mortgage was invalid within the contemplation of the second sentence of section 15 of the Stock Corporation Law; (3) that on June 2, 1933, the corporate mortgagor was insolvent and the bond and mortgage were given with the actual intent on the part of the corporate mortgagor and of the plaintiffs and beneficiaries, to hinder, delay and defraud then present creditors of the corporate mortgagor, including defendant Door. They are, therefore, void under the provisions of section 276 of the Debtor and Creditor Law. The findings and conclusions that are inconsistent with the decision are reversed and new findings and conclusions will be made in support thereof. Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ., concur. Settle order on notice.