## ROCKMORE v. SCHILLING.
### Civ. A. No. 3193.

District Court, D. New Jersey.
June 9, 1947.

Larkey, Marciniss & Snyder, of Newark, N. J., for plaintiff.

Huckin & Huckin, of Englewood, N. J., for defendant.

MEANEY, District Judge.

This is an action brought by the trustee in bankruptcy of the Schilling Press, Inc., to set aside transfers of property made by the bankrupt to the defendant. The suit is brought in accordance with the provisions of the Bankruptcy Act, Sec. 70, sub. e, 11 U.S.C.A. § 110, sub. e, and with the provisions of Sec. 15 of the Stock Corporation Law of the State of New York, Consol. Laws, c. 59, and with the Debtor and Creditor Law of the State of New York, Consol. Laws, c. 12. Jurisdiction is based on the provision of the Bankruptcy Act, and on diversity of citizenship.

Counts 2 and 5 have been abandoned and only counts 1, 3 and 4 will be considered in this opinion. The action is brought by the plaintiff as trustee in bankruptcy of the Schilling Press, Inc., bankrupt, a New York corporation, which had been engaged in the printing business in New York City for over thirty years prior to August 21, 1942 when it filed its voluntary petition for reorganization. From that date until July 23, 1943 the business was operated by the trustees in such reorganization proceedings

and on the latter date the business was adjudicated a bankrupt and the plaintiff herein appointed trustee in bankruptcy.

Jacob H. Schilling, defendant herein, was the founder and chief stockholder of Schilling Press, Inc., and was as well its President and Treasurer until his resignation on January 3, 1933 due to the condition of his health. He was also a director of said corporation and has continued as such until the present date.

It is for return of benefits which accrued to him through alleged preferences while acting as such director that this action is brought.

■ Under the first count it is asserted that while the bankrupt was unable and refused to pay certain of its notes or other obligations when due and while it was insolvent or its insolvency imminent, and after defendant had resigned as president and treasurer, the bankrupt paid over and transferred to defendant certain sums of money, purporting to be in payment of salaries, amounting to $30,920.

These payments, the receipt of which is not denied by the defendant, are claimed by the plaintiff to have in fact been transfers to the defendant in contravention of Section 15 of the New York Stock Corporation Law, the Debtor and Creditor Law of the State of New York, and the Bankruptcy Act, on the ground that while the payments were made in the guise of salaries, the defendant in fact rendered no services to the corporation, and the payments were illegal transfers, made for the purpose of reimbursing him for loans made to the Company.

In the opinion of the court these allegations are not supported by the evidence before it. The defendant, Schilling, resigned as President and Treasurer of the Schilling Press, Inc., on January 3, 1933 and thereafter continued association with the company as a director and as consultant and advisor, reporting regularly at the company offices.

The defendant was compensated for such services by weekly payments entered variously and, at times, inaccurately, on the books of the Company. The compensation so paid, in view of his comprehensive knowledge of the business, his familiarity with contacts to be maintained by the company, and his general experience, was not exorbitant nor otherwise indicative of fraudulent intent to effect a preference as against the rights of other creditors.

The record of payment to Jacob Schilling and of his advances to the company, subsequent to his resignation as president and treasurer, negative the allegations that the monthly payments made were as a matter of fact repayments of loans made by him. Conversely, the record affirmatively indicates that the weekly payments in fact represented payments for services rendered to the company. As such, they may not now be set aside on the grounds that such payments constituted a preferential transfer within the meaning of any of the statutes cited.

The third count charges that on or about February 28, 1938 the corporation transferred to the defendant 80 shares of the capital stock of Sales Management, Inc., which was then owned by the bankrupt and was of the reasonable value of $8,000 and that the transfer was made without consideration of the full value thereof received from the defendant.

The fourth count alleges that on or about the 11th day of January, 1940 the bankrupt transferred 50 shares of the capital stock of Sales Management, Inc., which were then of the fair and reasonable value of $5,062.50 and that this transfer was made by the bankrupt to the defendant without consideration of the full value thereof paid to it by the defendant.

The plaintiff has brought this action under Sec. 70, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, which gives a trustee in bankruptcy the right to recover, by suit, property transferred in violation of the law of a State, if a creditor could have avoided the transfer under that law, and gives to this court concurrent jurisdiction with the State Courts of such a suit.

The plaintiff relies further on the New York Stock Corporation Law, Section 15 and on Section 273 of the Debtor and Creditor Law of the State of New York.

Section 15 of the New York Stock Corporation Law, in part, provides: "No cor-

poration which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid, except as to any rights or interests which may be acquired thereunder by any person without notice or reasonable cause to believe that such conveyance, assignment, transfer, payment, judgment, lien or security would effect a preference * * *."

Thus, in order to recover under Section 15 of the Stock Corporation Law, the plaintiff must show one of two things: (1) That the corporation had failed to meet its obligations when due, or (2) that the transferor was insolvent or imminently in danger of insolvency when it made a preferential transfer to a creditor.

■ Under the first sentence of Section 15, the words "notes or other obligations" are defined to mean obligations embodied in some form of written instrument and the definition retains such limitation excluding from the meaning of "obligations", indebtedness for merchandise or for work, labor and services upon a running account or which has not been embodied in some more or less formal writing. Tierney v. J. C. Dowd & Co., Inc., 238 N.Y. 282, 144 N.E. 583.

■ Since, under section 70, sub. e of the Bankruptcy Act, the trustee in this action derives his right to recover property transferred in violation of the New York Stock Corporation Law if a creditor could have avoided the transfer under that law, the trustee is limited to pursuing rights of creditors and may not seek, in this action, to enforce a right of the corporation against a director for alleged illegal acts. Thus, unless there is a showing that there were creditors who were injured by the transfers above referred to, the plaintiff has failed to meet the burden of proof requisite under the statutes on which he relied, for the proofs must conform to the statutory requirements.

■ In Male v. National Pure Water Co. of Buffalo, Inc., 176 Misc. 743, 27 N.Y. S.2d 984, affirmed 261 App.Div. 1050, 27 N.Y.S.2d 1023, the court held that the statute making every transfer done in violation of sec. 15 void and not voidable, meant that such transfer is void only as to financially interested parties whose rights have been or will be wrongfully invaded.

In Campbell's Estate, 164 Misc. 632, 299 N.Y.S. 442, 448, the court in defining the meaning of the Act in question said: "This section [section 15] of the Stock Corporation Law is intended for the protection of creditors existing at the time of the transfer condemned by it. It may be invoked only by creditors whose claims had then accrued. Ginsberg v. Automobile Coaching Co., 151 App.Div. 627, 629, 136 N.Y.S. 354."

Thus, in order to impeach the transaction here complained of, it is incumbent upon the plaintiff trustee to prove not only that such transfers contravened the statutory prohibition, but also that there were existing creditors who were injured by the transfers at the time or times that the allegedly void transfers occurred and that these creditors continue as such upon the claims then existing. It is manifest that if the creditor has been paid off on the claim as it stood at the time of the transfer, he may not complain at a future date that he has been injured by the prior transfer.

■ There is no proof before the court as to which of the claims, if any, existed at the various dates on which the asserted preferential transfers took place. Since the trustee appears in this action entitled to have declared null and void any transfer which is fraudulent as against or voidable by any injured creditor of the bankrupt, he must show affirmatively the existence of such creditor or creditors as to each of the

transfers he seeks to redeem. His failure in this case so to do is fatal to his action.

The records and exhibits before the court fail affirmatively to demonstrate the existence of any subsisting creditor who was such a creditor when the alleged fraudulent transfers were made and who continues as such at this date, with the single exception of this defendant himself. Thus, the plaintiff trustee finds himself in the anomalous situation of being compelled to rely, in support of his asserted action, upon the defendant as a creditor in order to void the transfers made to the defendant. The anomaly of the situation goes even further, however, for it is not sufficient merely that there has been an existing creditor, but it must further be a fact that such creditor was injured by the alleged void transfers.

If the creditor or creditors have suffered no loss or injury, they have no cause to complain. Caesar v. Bernard, 1913, 156, App.Div. 724, 141.N.Y.S. 659; In re Campbell's Estate, supra. While in this cause the trustee represents creditors, his rights are no greater than those of the creditors he represents. Since under the proofs before me the only creditor who might be in a position to void the alleged fraudulent transfers in point of having been an existing and subsisting creditor, is this defendant, and there being no proof that he suffered any injury or loss as such creditor, the proofs in fact being quite the opposite, it is difficult to find any positive ground on which the trustee plaintiff can rely.

The court is satisfied, for the reasons above noted, that the plaintiff cannot prevail on the third or fourth counts of this action under either of the New York statutes noted.

In view of this determination, it would seem unnecessary to discuss the question of possible or imminent insolvency of the company at any particular time. It may be pointed out as well, that under the facts incident to this case, the plaintiff can derive no benefit from section 276 of the Debtor and Creditor law of New York. Counts 3 and 4 being concerned with payments on a pre-existing debt, the alleged preferences are not assailable under this section governing fraudulent conveyances. Flierl v. Hickey, Sup., 24 N.Y.S.2d 573.

This action is brought under the authorization contained in 70, sub. c, of the Bankruptcy Act, and the trustee is subject to the restrictions and limitations explicitly and implicitly contained therein.