473

## LAVENBURG v. UNIVERSAL SPORTWEAR, Inc. et al.

United States District Court
S. D. New York.

March 1, 1950.

Albert Lavenburg, New York City, for petitioner.

Irving H. Saypol, U. S. Atty. for the Southern Dist. of New York, New York City, Daniel H. Greenberg, Asst. U. S. Atty., New York City, of counsel, for defendants.

CONGER, District Judge.

Motion by the petitioner to remand this proceeding to the Supreme Court of the State of New York whence it was removed by the United States of America. Actually, petitioner brought no formal motion for such relief but his affidavit in answer to the United States' motion to dismiss the petition contained such a request, so the United States agreed to treat it as a motion.

The United States' motion to dismiss the petition need not be considered in view of my determination to remand the proceeding.

In the first place this Court has no jurisdiction over the subject matter of the proceeding, there being no jurisdictional grounds shown. The fact that the United States is a party is not sufficient. See Wells v. Long, 9 Cir., 1947, 162 F.2d 842.

Secondly, this proceeding is not one "* * * to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property * * *" within the contemplation of § 2410 of the Judicial Code, 28 U.S.C.A. It is a proceeding to *enforce* a lien under § 475 of the New York Judiciary Law, McK.Consol.Laws, c. 30. Even if jurisdictional grounds were present the proceeding would not be removable by the United States under § 1444 of the Judicial Code which concerns actions brought under § 2410.

Motion to remand is granted.

Settle order.