**WELLS v. PLACE.**

No. 26717.

United States District Court
N. D. Ohio, E. D.

April 18, 1950.

Francis R. O'Brien, Cleveland, Ohio, Meredith & Meredith, Lima, Ohio, for plaintiff.

S. D. L. Jackson, Cleveland, Ohio, O. W. Kennedy, Edward J. Myers, Bucyrus, Ohio, for defendant.

FREED, District Judge.

This action is brought by the trustee to recover from the administrator of J. E.

Faulkner the proceeds of certain accounts receivable which had been assigned by the bankrupt to Faulkner over a period of time beginning more than a year and a half before bankruptcy. The complaint is in three counts.

The first count is brought under Section 70, sub. e of the Bankruptcy Act, Title 11 U.S.C.A. § 110, sub. e, and alleges that the assignments are voidable solely by virtue of the fact that they were not recorded pursuant to provisions of Ohio General Code, § 8509-3. Defendant moves to dismiss this count for failure to state a claim upon which relief can be granted.

■ Section 70, sub. e (1) of the Bankruptcy Act confers upon the trustee a power to avoid any transfer that could be avoided under an applicable state law by a creditor with a claim provable in bankruptcy. Deane v. Fidelity Corp., D.C., 82 F.Supp. 710; Rockmore v. Schilling, D.C., 72 F.Supp. 172; 4 Collier on Bankruptcy, § 70.90. The Court must therefore determine whether a failure to record the assignment of an account receivable in the manner prescribed by Ohio General Code, § 8509-3 was intended to open the assignment to attack by either an existing or a subsequent creditor.

Ohio General Code, § 8509-3 has not yet been judicially interpreted. Its prolixity of language offers little comfort in the solution of the problem here posed, but the decision must be made. The statute differs markedly in structure from the usual recordation statute. Ordinarily such statutes declare the transfer in question to be "void" or "invalid" as to certain groups unless it be placed on the public record in the required manner. This manner of phrasing, in its very nature, usually elicits from the legislature whether creditors are intended to be protected. See Ohio General Code, § 8560 et seq., (chattel mortgages); § 8568, (conditional sales.) "Generally, however, creditors are protected by express language when a recording act is intended to apply to them." 1 Glenn on Fraudulent Conveyances and Preferences, § 367.

Ohio General Code, § 8509-3, unlike the usual recordation statute, is drawn in terms of the effects of compliance rather than the penalties of noncompliance. It is true that the statute speaks of recordation as notice to "all persons" (except the obligors). This is far from making the unrecorded transfer invalid as to all persons. The statute gives a first assignee who records priority over subsequent assignees, and "all persons" at the time of recording are potential assignees. The absence of language of "voidability" is not conclusive against the trustee's contention, but the fact that the statute is positive rather than negative in structure is indicative that the legislature was concerned only with the problem with which it specifically dealt—the problem of priority among successive assignees.

This conclusion is fortified by a consideration of the special circumstances prompting the enactment of § 8509-3. The statute was apparently enacted as an early response to a now well-known problem created in the field of accounts receivable financing by the 1938 amendment to Section 60, sub. a of the Bankruptcy Act, Title 11 U.S.C.A. § 96, sub. a. See Corn Exchange Bank Co. v. Klauder, 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884, 144 A.L.R. 1189; In re Vardaman Shoe Co., D.C., 52 F.Supp. 562. The uncertainties in Ohio of the common-law rules governing rights among successive assignees of the same accounts were intensified in importance when Section 60, sub. a of the Bankruptcy Act defined the protection of transfers in relation to their perfection against the rights of a hypothetical bona fide purchaser. See Hamilton, The Effect of Section 60 of the Bankruptcy Act Upon Assignments of Accounts Receivable, 26 Va.L.Rev. 168. Ohio General Code, § 8509-3, in response to this situation, enabled the assignee of accounts receivable, by recordation and without notice to the obligors of the assignor, to establish the primacy of his lien against an actual and, more important perhaps, a hypothetical subsequent assignee. Conversely, failure to record would enable an actual subsequent assignee to establish superior rights by recordation and becomes important for the purposes of Section 60 of the Bankruptcy Act, Title 11 U.S.C.A. § 96.

476

It is, of course, possible that the legislature of Ohio, though concerned primarily with the special problem of successive assignees, also intended recordation to serve to protect creditors against the "secret lien" of an assignment of accounts receivable. The necessity for and the efficacy of recording in this field was a subject of debate even before the 1938 amendment of Section 60. See Hanna, The Extension of Public Recordation, 31 Col.L. Rev. 617, 623-30; Glenn, Assignment of Choses in Action, 20 Va.L.Rev. 621, 652-653. However, in view of the fact that this statute, unlike other Ohio recordation acts protecting creditors, e. g. Ohio General Code, § 8560, § 8568, has no language directed to that end, and in view of the fact that the circumstances prompting the legislative action give no specific indication of such purpose, this Court must conclude that Ohio General Code, § 8509-3 was not intended for the protection of creditors. The motion to dismiss the first count of the complaint will be sustained.

The second count of the complaint is also brought under favor of Section 70, sub. e of the Bankruptcy Act and alleges that the assignments are fraudulent conveyances or preferential transfers under Ohio General Code, § 11104 and § 11105 and that the transferee knew or "should have known" of the bankrupt's fraudulent intent. The defendant moves to strike "or should have known" from the complaint as immaterial because § 11105 requires actual knowledge on the part of the transferee.

Carruthers v. Kennedy, 121 Ohio St. 8, 166 N.E. 801, is cited in support of defendant's contention. Both the syllabus and the facts of that decision reveal it to be a case in which the transferee not only lacked actual knowledge of the fraudulent intent of the transferor but in fact believed the transferor to be solvent and was without reason to believe otherwise. Whether a transferee who does not know but should have known of the transferor's intent is within the protection of Ohio General Code,

§ 11105, this Court need not now decide.

Motions to strike are not regarded with favor and are granted only where the allegations are clearly immaterial to the controversy. Samuel Goldwyn, Inc. v. United Artists Corp., D.C., 35 F.Supp. 633; U. S. v. Bize, D.C., 86 F.Supp. 939. The motion to strike is not designed to give the movant a premature ruling on a doubtful question of law tendered by the pleadings but which may never be presented for decision by the proof developed at trial. Caution on the part of the Court is particularly advisable in view of the fact that the division of the Court ruling on the motion may not hear the cause.

The motion to strike "or should have known" will be overruled; the motion to strike paragraph five of the first count, incorporated by reference into the second count, will be sustained.

The third count of the complaint is brought under Section 60 of the Bankruptcy Act, Title 11 U.S.C.A. § 96, and seeks to set aside as voidable preferences the proceeds of accounts receivable assigned within four months of bankruptcy. The defendant moves to dismiss this count for failure to state a claim, since the suit is brought more than two years after the adjudication in bankruptcy. Title 11 U.S. C.A. § 29, sub. e.

The defense of a statute of limitations can be raised by a motion to dismiss where the defect is apparent from the face of the complaint. Berry v. Chrysler Corp., 6 Cir., 150 F.2d 1002; A. G. Reeves Steel Construction Co. v. Weiss, 6 Cir., 119 F.2d 472. The trustee opposes the motion on the ground that he did "institute proceedings" within the meaning of Title 11 U.S.C.A. § 29, sub. e, when he filed before the referee, some twenty-two months after adjudication, a motion to vacate orders of an earlier referee authorizing a predecessor trustee to abandon certain assets of the bankrupt.

A plenary suit to set aside a voidable preference is barred if not instituted within two years of the date of adjudica-

tion. Herget v. Central National Bank, 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656. The trustee's contention is that Title 11 U.S.C.A. § 29, sub. e requires only that proceedings legally requisite to the plenary action be instituted within the statutory period and not the plenary action itself. This ignores the fact that when the statute of limitations first began to run on the trustee's right to sue, the condition precedent to suit which plaintiff seeks to make a part of the "proceedings" was not in existence. In short, the trustee's position is that an impediment to suit created after the accrual of the cause of action is to be treated as a prerequisite of the cause of action for the purpose of determining whether a suit on the cause is timely.

This argument necessarily assumes that the orders of the referee authorizing abandonment were a bar to the present action. This is by no means clear. Those orders, which may be judicially noticed by the Court, authorized the trustee to abandon as burdensome certain chattels and claims for money. Since the complaint does not specifically identify the accounts alleged to have been assigned preferentially, the Court cannot say whether the orders represented an abandonment of the exclusive right of the trustee to recover voidable preferences for the benefit of the estate.

Assuming, however, that the orders of abandonment represented an insurmountable barrier to an immediate filing of the present suit, the Court must nevertheless reject the trustee's argument. The orders of abandonment were voluntarily obtained by the earlier trustee for the purpose of self-protection. 4 Collier on Bankruptcy, § 70.42. The voluntary creation of a prerequisite to suit that did not exist when the right to sue first accrued cannot be relied on to extend the statutory limitation on the time for filing suit. To hold that Title 11 U.S.C.A. § 29, sub. e, is satisfied by the proceeding to vacate orders would mean that the only limit on the time for bringing plenary suit would be an indefinite one fixed by a possible application of the doctrine of laches. The anom-

alous result would be to grant a vacillating trustee a longer period in which to sue than the ordinary trustee.

The motion to dismiss the third count will be sustained.