138

In re SHERK.
No. 64662.

United States District Court
N. D. Ohio, E. D.
Oct. 9, 1952.

The following is the opinion of William B. Woods, Referee in Bankruptcy: :

To the Honorable Judges of the United States District Court, for the Northern District of Ohio, Eastern Division, sitting in Bankruptcy:

That in the course of the proceedings, Edward Sherk, bankrupt, of Bucyrus, Ohio, and wife Mary Emma Sherk, on February 18, 1952 filed a request and demand upon Hugh Wells, the Trustee, for the sum of $500 in cash as an exemption and allowance as provided in Section 11738 of Ohio General Code, reciting that neither was owner of the homestead and claimed such allowance and exemption in lieu thereof. To this Hugh Wells, Trustee, filed objections and moved for an order dismissing bankrupts demand for exemptions. Parties were in court, hearing had and briefs filed, and on July 15, 1952, an order was entered denying bankrupt demand for exemption.

Thereafter, being aggrieved thereat, Edward Sherk and Mary Emma Sherk filed Petition for Review of said order of the Bankruptcy Court.

## Statement of Case

(1) That in the schedule of bankrupt Edward Sherk, sworn to March 30, 1948, bankrupt claims exemption of $500 in cash in lieu of homestead. Charles W. Sickafoose was elected Trustee and resigned being succeeded by Hugh Wells, Trustee,

(2) Charles W. Sickafoose, trustee, abandoned all choses in action shown in the schedules and abandoned all claims to personal property, as this property had been mortgaged by the bankrupt. The mortgagee reclaimed the chattels from Sickafoose, trustee, and that security in the form of personal property has been sold by the mortgagee with consent of the trustee; and the record shows there are no overages resulting from that sale, so that the trustee had no further interest in the said chattel property.

(3) The trustee found no other assets in the property listed by bankrupt and found no value in the mortgaged personal property, which might be claimed by the estate.

(4) The particular fund from which the bankrupt claims the $500 exemption resulted from the settlement of three cases in Federal Court, entitled Wells v. Place, D.C., 92 F.Supp. 473; Id., 92 F.Supp. 477; and No. 26718 [1] (Sherk exhibits D, E and F are the Bills of Complaint), being claims for fraudulent conveyance of chattels and accounting.

(5) Following the payment of $15,000 to bankrupt by Faulkner shortly before bankruptcy, said money was used by bankrupt for payment on other claims due banks in Bucyrus. The position of counsel for bankrupt being that the property transferred by bankrupt had a value of over $30,000, for which Faulkner gave only $15,000. The $15,000 represented by the excess value of the chattels over the loan to bankrupt by Faulkner, was recovered from two banks, to whom that sum was transferred by Sherk in other proceedings in the U. S. District Court.

## Findings of Fact

(1) That after the adjudication of Edward Sherk as a Bankrupt, at the first meeting of creditors Charles W. Sickafoose of Canton, Ohio, was elected Trustee and during his service of several months several hearings were had in an effort to uncover assets of the bankrupt.

(2) That thereafter said Sickafoose resigned as Trustee reporting to the court that he was unable to collect any assets in the estate; and the creditors in meeting held December 4, 1948 elected as his suc-

1. No opinion for publication.

cessor Trustee, Hugh Wells, of Cleveland, Ohio, who is now so serving.

(3) That bankrupt and his wife Mary Emma Sherk filed on February 18, 1952 a request and demand for the sum of $500 in cash as an exemption and allowances under Section 11738 of Ohio General Code reciting that neither was the owner of a homestead and claimed such exemptions and allowances in lieu thereof.

(4) That Sickafoose, the first Trustee, abandoned all choses of action shown in the Schedules of the bankrupt and abandoned all claims for personal property for the reason that same was mortgaged to the extent that there was no equity in it for general creditors. The mortgagee, J. E. Faulkner, reclaimed the chattels from Sickafoose, Trustee, claiming a valid lien thereon and then sold same and applied the proceeds upon the mortgage indebtedness. This mortgage was approximately $15,000 and the evidence shows that the chattel property was sold for less than that sum by the mortgagee, and the Trustee abandoned this property as an asset of the estate.

(5) That Hugh Wells as successor Trustee found certain other claims which existed in behalf of the estate and filed various suits in the United States District Court, Northern District of Ohio, Eastern Division to recover assets transferred prior to bankruptcy in defraud of creditors and particularly in violation of Sections 60, 67 and 70 of the Bankruptcy Act, 11 U.S.C.A. §§ 96, 107, 110. The Court further finds that the Trustee was successful in obtaining approximately $45,000 to $46,000 as a result of these suits. All of this money except $2,500 was recovered from two banks in Bucyrus, Ohio by virtue of suits in cases numbered 26714 and 26715 United States District Court, Northern District of Ohio, Eastern Division.

(6) That the only money from which the bankrupt is claiming an exemption is from the $2,500, which sum was received by the Trustee by virtue of Two suits filed by the Trustee in the United States District Court, Northern District of Ohio, Eastern Division against the estate of Faulkner, deceased. These suits were brought by the Trustee on the theory that property had been transferred to Faulkner in fraud of creditors. Case Number 26718 had three counts; that count 1 was based upon Section 70, sub. e, of the Bankruptcy Act and specifically alleged that at the time certain assignments were made by Edward Sherk that they were intended to prefer J. E. Faulkner over his creditors and intended to disregard and defraud other creditors, that the second count in that case is based upon the fact that the bankrupt and J. E. Faulkner did not comply with Section 8509-3, Gen.Code Ohio, of the Assignment of Accounts Receivable; and that the third count is brought under Section 60 of the Bankruptcy Act, which specifically alleged that bankrupt was insolvent and made certain transfers in order that certain of his creditors might be able to obtain a greater percentage than others.

(7) That Case Number 26719 [92 F. Supp. 477] is an action brought under Section 67, sub. d(3) and it alleged that within Four months prior to the bankruptcy that the bankrupt transferred personal property to J. E. Faulkner with the intent to use the money obtained for the transfer to prefer certain creditors. While this action was pending the Trustee became in doubt as to whether or not he could maintain the action successfully and upon an offer of $2,500 made by the Faulkner estate said Trustee was authorized to accept said $2,500 as a compromise settlement of the suits; which this Court authorized the settlement; the trustee believed that it would be better to accept that sum than to take his chances of recovery of more; and that was the sole and only source of the money from which the bankrupt claims exemptions, the bankrupt through his attorney admitting that he could not claim from any other source.

### Conclusions of Law

(1) That under Section 11738 of Ohio General Code a husband and wife living together may hold an exemption of $500 in lieu of a homestead; and such exemption shall not be allowed to him from money, salary or wages due to him from any person.

■ (2) That as to exemptions the Bankruptcy Court follows the rule established in the State Court of Ohio and Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24, which provides as to exemptions that any such allowances shall not be out of property which the bankrupt transfers or which is recovered for the benefit of the estate.

■ (3) That where chattels of a bankrupt were abandoned by him shortly before bankruptcy and the trustee filed suit for fraudulent transfer vs. the one to whom said chattels were transferred; settlement of which litigation was made by the trustee with such defendant by the payment of money to the trustee; and the bankrupt, having before abandoned the chattels, is not entitled to an allowance in lieu of the homestead from the fund paid to the estate in such compromise settlement.

■ (4) That in Ohio the State Court having interpreted the said statute as to exemption in lieu of homestead to hold that exemptions cannot be allowed to a debtor out of a money owed to him, a like rule should be applied to a bankrupt who seeks exemption in lieu of homestead out of a fund collected by the trustee and such claim for exemption should be denied.

### Memorandum

■ Bankrupt's counsel urges that his claim for exemptions arises because there was an excess of $8,000, which trustee in bankruptcy should have collected from the creditors receiving preferences. The record shows that the trustee settled his claim against Place, the Faulkner Administrator, for $2,500. It is only out of this fund collected by the trustee from the Faulkner estate that bankrupt now claims allowance of his exemptions.

Whatever the reason might be as to why the trustee did not collect the full amount of the preference, it is not important in determining this question of the bankrupt's claim for exemptions. Even if the preference had been collected in full by the trustee, the claim of the bankrupt for his exemptions would be on no different ground than the situation as presented here.

It is conceded that Sherk and his wife were, at the time of the adjudication, and are husband and wife, living together, in the State of Ohio, and not the owners of the homestead within the provisions of Sec. 11738 of General Code of Ohio, which is as follows:

"*Sec. 11738. Property exempt from levy.* Husband and wife living together * * *, resident of this state, and not the owner of a homestead, in lieu thereof, may hold exempt from levy and sale, real or personal property to be selected by such person or his attorney, before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted. Such selection and exemption shall not be made by the debtor, or his attorney, or allowed to him from money, salary or wages due to him from any person, partnership or corporation, nor shall any passenger automobile be selected as exempt. No personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof."

The relevant section of the Bankruptcy Act is Section 6, which provided as follows:

*Exemptions of Bankrupts:*

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition, or for a longer portion of such six months than in any other State: Provided, however, That no such allowance shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this act for the benefit of the estate, except that, where the voided transfer was made by way of security only and the * * * allowance may be made out of such excess." Enacted June 22, 1938.

There are three suits filed by the trustee seeking recovery because of fraudulent transfers. Had it not been for the diligence of the trustee in recovering funds and property which the bankrupt had placed beyond his jurisdiction and out of his possession, there would be no fund for the bankrupt out of which the bankrupt could claim any exemptions. ·

The $2,500 was recovered after the trustee filed Cases # 26718 and # 26719 in this Federal Court; defendant was Place, Admr. of the Faulkner estate in both cases, and they were on the theory that the property of bankrupt had been transferred to Faulkner in fraud of creditors.

Case # 26718 had to do with the assignment of accounts and Case # 26719 concerned chattels, i. e., a Buick Sedan, tractor, trailers and other property, transferred within four months to Faulkner with the intent to use the consideration obtained for the transfer to prefer certain creditors.

The $2,500 received by the trustee was in settlement of these claims because there was some doubt as to whether the claim could be maintained in the suit since the defendant had paid actual value for the transfer. However, the $2,500 now in the bankrupt estate is a result of the suits, and was recovered by virtue of fraudulent transfers.

An examination of the complaints in the three suits, Sherk Ex. D, E, and F, and the memorandum of settlement and release, Ex. C & B, clearly indicate that the $2,500 was paid to settle the suits for claimed fraudulent transfers, which were void. Creditors so favored should not be entitled to the proceeds of this collection, for in every instance the bankrupt had made the transfer and the trustee voided the transfer only by the law suits. Such transactions were clearly within Section 6 of the Bankruptcy Act. In every instance, the bankrupt transferred the money received to his creditors; that property was not transferred as security, and therefore cannot come under the last part of Section 6 as an exemption permitted by the Bankruptcy Act.

As pointed out in Collier on Bankruptcy, 14th Ed., Vol. 1, Sec. 6, pg. 838, the decisions of the courts were formerly in sharp conflict as to whether bankrupt can claim his exemption from property which had been transferred or concealed or recovered by the trustee. Most of the varying decisions had reference to applicable State laws, since the Bankruptcy Act itself had no provisions on the subject.

With the enactment of the Chandler Act, which amended the bankruptcy law in 1938, the conflict, as Collier says, "had been stilled." This is apparent upon examining the pertinent section of the law, as heretofore quoted.

Counsel for bankrupt relies upon the case of Arbogast v. Gottfried, 6 Cir., 58 F.2d 156, 21 Am.Bankr.Rep., N.S., 225, and other cases decided before the Amendment of 1938.

As Collier says, with the amendment it is now clear that wherever the trustee recovers property transferred or concealed by the bankrupt or where any transfers can be avoided under the terms of the Act, the bankrupt will not be allowed to amend schedules and claim exemptions out of that particular property.

It was thought by the framers of the Act, as amended, as stated in the hearings on the Bill in the House of Representatives, that—"a bankrupt should not profit at the expense of the creditors from the efforts of the trustee in undoing the bankrupt's own acts".

In the case of Gardner v. Johnson, 9 Cir., 1952, 195 F.2d 717, the rule of the Bankruptcy Act, Section 6, as amended, was applied and the syllabus states:

"A grantor who conveyed realty to grantor's daughter thereby abandoned any right of homestead grantor had, and where conveyance was set aside as being fraudulent as to creditors, bankrupt grantor could not claim homestead."

Objections to the claim of bankrupt for exemptions are also urged by the trustee, on the ground that exemptions shall not be made or allowed—"to him from

money, salary or wages due to him from any person, partnership or corporation." This is the language of Ohio General Code, § 11738, under which bankrupt claims exemption, and which in its language specifically denies to a debtor such allowance in lieu of homestead.

The Supreme Court of Ohio in Morris Plan Bank v. Viona, 1930, 122 Ohio St. 28, 170 N.E. 650, interpreted this statute, and held that exemptions in lieu of the homestead could not be allowed to a debtor out of a fund owed to him. In that case the fund was a bank account, which the Court held could not be applied for use as an exemption to the debtor. So far as appears, the case has not been modified and furnishes the law to be followed in this proceeding, even if the language of the Bankruptcy Act itself were not controlling.

Herewith I hand up for the consideration of Your Honors the following:

(1) Claim for Exemption of Edward Sherk, bankrupt and Mary Emma Sherk, his wife.

(2) Trustee Objections to Claim for Exemptions.

(3) Motion of Trustee to Dismiss Claim for Exemption.

(4) Transcript of Record; Includes also testimony in Trustee's Motion to Reconsider and Reject Allowed Claims of Second National Bank of Bucyrus, Ohio.

(5) Brief of Bankrupts' Attorney.

(6) Reply Brief of Trustee's in answer to Brief filed by Bankrupt on Claim for Exemptions.

(7) Brief of Bankrupts' Attorney in the matter of Claim for Exemption Allowance.

(8) Letter of Bankrupts' Attorney.

(9) Journal Entry.

(10). Petition to Review.

(11) Trustee's Suggested Finding of Fact and Conclusions of Law.

Hugh Wells, Cleveland, Ohio, trustee.

Harold J. Meredith, Lima, Ohio, for trustee.

Francis R. O'Brien, Willoughby, Ohio, for trustee.

Charles F. Schaber, Bucyrus, Ohio, for bankrupt.

JONES, Chief Judge.

The court on review has considered the certificate of the referee and briefs of the bankrupt and trustee. The sole question presented is whether the referee rightly denied the request and demand of the bankrupt and his wife for the sum of $500 in cash as an exemption and allowance, as provided in Section 11738 of the Ohio General Code. Neither the bankrupt nor his wife being the owner of the homestead, claim was made for the allowance and exemption in lieu thereof. The trustee objected and moved for an order dismissing the request and demand for such exemption.

Upon hearing, the referee entered an order denying the bankrupt's demand for exemption.

It is not thought essential to recite the facts, nor to review the law on this subject which has been fully explored and considered by the referee and counsel for the parties. The conclusion reached on review need only be stated.

■ Even giving the most liberal construction and application to the exemption statutes favorably to the bankrupt, it is my considered judgment that the petitioner cannot escape the proviso of Section 6 of the Bankruptcy Act.

Under the facts certified, I think the referee's findings and conclusions must be approved and his report confirmed and it is so ordered.