Morris GORDON, Plaintiff,

v.

Philip FELDMAN, trading as Fellow Brown Construction Co., and Fellow Brown Construction Company, Inc., Defendants.

Philip FELDMAN, doing business as Fellow Brown Contracting Co., Defendant and Interpleading Plaintiff,

v.

UNITED STATES of America and Amherst Factors, Inc., Claimants and Interpleaded Defendants.

United States District Court
S. D. New York.

July 1, 1957.

258

Arthur J. Katzman, New York City, for defendant and interpleading plaintiff.

Paul W. Williams, U. S. Atty. for the Southern Dist. of N. Y., New York City, for United States. Amos J. Peaslee, Jr., Asst. U. S. Atty., New York City, of counsel.

LEVET, District Judge.

The above-named defendant and interpleading plaintiff, Philip Feldman, has moved to remand this action to the Municipal Court of the City of New York, Borough of Manhattan, Ninth District.

Originally an action was commenced in the Municipal Court by the plaintiff, Morris Gordon, against the defendants, Philip Feldman, trading as Fellow Brown Construction Co., and Fellow Brown Construction Company, Inc., to recover the sum of $712. Gordon's action was brought on the basis of an alleged as-signment to him of moneys owed by the defendant, Philip Feldman, to the D. N. P. Flooring Corporation. The defendant admits that he owes $1,424.12 to the D. N. P. Flooring Corporation. The D. N. P. Flooring Corporation also delivered an assignment in the amount of $1,174.61 as against Philip Feldman to Amherst Factors, Inc. The United States of America claimed that both assignments were subject to a tax lien against the assignor, D. N. P. Flooring Corporation. The United States of America and Amherst Factors, Inc. were interpleaded in the Municipal Court action. By a petition of removal executed on November 23, 1956, the United States removed the action from the Municipal Court to this court by virtue of the provisions of Sections 1444 and 2410 of Title 28 U.S.C.A. Amherst Factors, Inc. defaulted in appearance. Philip Feldman, the defendant and interpleading plaintiff, contends that this court has no jurisdiction and that the case should be remanded to the Municipal Court.

Sections 2410(a) and 1444 of Title 28 U.S.C.A., which are dispositive of the issue before this court, provide as follows:

"§ 2410. Actions affecting property on which United States has lien

"(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, including the District Court for the Territory of Alaska, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

"§ 1444. Foreclosure action against United States

"Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to

the district court of the United States for the district and division in which the action is pending."

Under these sections the United States had a right to remove the action to this court. The case may not now be remanded over its objections. In Vincent v. P. R. Matthews Co., D.C.N.D.N.Y.1953, 126 F.Supp. 102, this point was expressed as follows:

"* * * the sovereign is immune from suit, except as it consents to be sued, and it may condition such consent to a particular court or tribunal. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Department of Highways, State of Louisiana v. United States, 5 Cir., 204 F.2d 630.

"28 U.S.C.A. § 2410 waives the immunity of the United States in an action to foreclose a lien upon real or personal property, upon which the United States has or claims to have a lien. This waiver expressly permits the United States to be sued in a state court having jurisdiction of the subject matter. Such immunity, however, is granted under the condition prescribed in Section 1444, which gives the United States the unqualified option to remove such an action to the district court. It follows that the immunity waived is conditioned upon the right of removal, and should that right be withheld or thwarted, it would seem to follow that the immunity is withdrawn. It follows, therefore, that there is no basis upon which this court can remand the case over the objection of the United States." 126 F.Supp. at page 105.

The cases cited by the moving party are not applicable. Wells v. Long, 9 Cir., 1947, 162 F.2d 842, involved not a question of removal to the United States Court from the State Court, but, rather, the jurisdiction of the Federal Court irrespective of the power to remove under Title 28 U.S.C.A. § 1444. Lavenburg v. Universal Sportswear, Inc., D.C.S.D.N.Y. 1950, 92 F.Supp. 473, did not concern

facts under § 2410, but, rather, an enforcement of an attorney's lien under § 475 of the New York Judiciary Law, McK.Consol.Laws, c. 30. Lemar Paint Products Co., Inc., v. Di Miceli, 1956, 3 Misc.2d 705, 155 N.Y.S.2d 534, merely held that by application of Title 28 U.S. C.A. § 2410 the United States was properly interpleaded in an action in the State Courts. The United States moved to dismiss and the motion was properly denied. No question of removal to the Federal District Court was presented.

The moving party here at his own option interpleaded the United States. He cannot now complain of the removal. Section 2410(a) permitted the joinder of the United States in a State Court. Section 1444 permits its removal. No reason appears for a remand.

The motion is denied.

So ordered.