# COMMERCIAL CREDIT CO. v. STREET.
## No. 6966.

Circuit Court of Appeals, Ninth Circuit.

May 16, 1933.

Chas. W. Haswell, of San Francisco, Cal., for appellant.

Charles H. Patterson, of Oakland, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

On March 2, 1929, appellee filed a petition in the bankruptcy court in which he alleged that Ray A. Conley had filed a petition in bankruptcy and had been adjudicated a bankrupt on February 11, 1929; that appellee had qualified as trustee on February 27th; that among the assets of the estate was a certain automobile; that appellant and another person claimed a lien thereon under a conditional sales contract alleged in the petition to be void as to creditors; that a certain other person claimed a like interest also by reason of registration as legal owner.

On the petition, an order was issued by the referee directing appellant and the other persons to show cause why the automobile should not be sold free and clear of any lien or claim of any of them.

Appellant alone answered, objecting to the summary jurisdiction of the referee, asserting that the automobile was not in the actual or constructive possession of the bankrupt at the time of the filing of the petition in bankruptcy; that the possession was acquired by the trustee thereafter without the knowledge or consent of appellant or its assignors, and that at the time and ever since it and/or its assignors were adverse claimants thereof; that at the time of the filing of the petition in bankruptcy the automobile was in the actual possession of the sheriff, as agent for appellant's assignors. Appellant further asserted that on March 2, 1929, he had purchased the rights of the legal owners of the automobile and had acquired all of their rights under certain conditional sales contracts.

After hearing, the referee found that on January 18, 1929, bankrupt was the owner and in possession of the automobile; that on that day appellant in an attachment action then begun in the state court caused the sheriff to levy thereon; that at that time and at all times thereafter bankrupt was insolvent and the attachment void under paragraph 67f of the Bankruptcy Act, 11 USCA § 107 (f); that on February 27th the sheriff released the levy of the attachment and delivered the possession of the automobile to the trustee; and that at the time of the filing of the petition for the order to show cause the trustee was the owner and in the actual possession of the automobile. The referee further found that neither appellant nor any other respondent had any title in or lien upon the automobile as against the trustee, and thereupon ordered the latter to sell the automobile free and clear of the claims of any of them. On petition to review, the District Court Judge concurred in the findings and affirmed the order of the referee.

 Taubel, etc., Co. v. Fox (1924) 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770, clearly establishes the power of the bankruptcy court to adjudicate summarily controverted rights, whether of ownership or of lien, in and to any property within the possession of the court, whether that possession be actual or constructive. As stated therein, pages 432, 433 of 264 U. S., 44 S. Ct. 396, 398:

"It [summary jurisdiction] exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was not delivered by him to the trustee; where the property was delivered to the trustee, but was thereafter wrongfully withdrawn from his custody; where the property is in the hands of the bankrupt's agent or bailee; where the property is held by some other person who makes no claim to it; and where the property is held by one who makes a claim, but the claim is colorable only. As every court must have power to determine, in the first instance, whether it has jurisdiction to proceed, the bankruptcy court has, in every case, jurisdiction to determine whether it has possession actual or constructive. It may conclude, where it lacks actual possession, that the physical possession held by some other persons is of such a nature that the property is constructively within the possession of the court."

The claim asserted by appellant in its answer was not that the sheriff's possession was under the attachment and that the lien, though acquired within four months of February 11th, the bankruptcy date, was valid because on January 18th bankrupt was solvent. If he had made those allegations and that claim, then, under the Taubel Case, the sheriff's possession on February 11th would have been deemed adverse to the bankrupt, thereby necessitating a plenary action by the trustee. He, however, alleged, as hereinbefore stated, that the sheriff's actual possession was as agent for appellant's assignors. He made no reference to the attachment suit and asserted no claim that the sheriff held possession thereunder.

The referee's findings clearly demonstrate that the sheriff's possession on February 11th was not on behalf of or as agent for any predecessors in title of appellant, but was due solely to the attachment. The allegation that the sheriff held the possession as agent for appellant's assignors was found to be false. The referee did find the nature of the sheriff's actual possession; that it was under the attachment levied within four months of the bankruptcy date, at a time when the bankrupt was insolvent. Thereby he found that under section 67f of the Bankruptcy Act, 11 USCA § 107 (f), the attachment levy was a nullity. The sheriff's actual possession was therefore on behalf of the trustee, when appointed, and the relinquishment thereof on February 27th, without appellant's consent or knowledge, was proper. If the sheriff, holding in this way, had failed to relinquish that possession, a summary order therefor could have issued from the bankruptcy court. See Harrison v. Chamberlin (1926) 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897.

The constructive possession of the property by the court on February 11th disposes of the objection to the exercise of the summary jurisdiction. We are precluded from considering the merits of appellant's claims, whether to title or to lien, because of the failure to include in the record the evidence before the referee and/or the District Court, on which the findings and conclusions of the referee, confirmed by the court, were based.

Order affirmed.