**WELLS v. PLACE.**

No. 26719.

United States District Court
N. D. Ohio, E. D.

June 29, 1950.

478

Francis R. O'Brien, Cleveland, Ohio, Meredith & Meredith, Lima, Ohio, for plaintiff.

S. D. L. Jackson, Jr., Baker, Hostetler & Patterson, all of Cleveland, Ohio, O. W. Kennedy and Edward J. Myers, Bucyrus, Ohio, for defendant.

FREED, District Judge.

The motion to dismiss raises one issue different from those already considered and disposed of by the Court in the memorandum opinion filed in similarly titled and related Civil Action No. 26717, 92 F.Supp. 473.

The complaint states a cause of action under Section 67 sub. d(3) of the Bankruptcy Act, Title 11 U.S.C.A. § 107 sub. d (3). The defendant moves to dismiss because it appears from the face of the complaint and the Court's judicial knowledge of the bankrupt's adjudication that the action is barred by Title 11 U.S.C.A. § 29 sub. e, which provides: "A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. * * *"

The trustee urges that the statutory bar on an action to recover a fraudulent transfer begins to run only when the fraud is discovered or, in the exercise of due diligence, could have been discovered. That doctrine was expounded in the early case of Bailey v. Glover, 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636, and was reaffirmed in the recent case of Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 585, 90 L.Ed. 743, 162 A.L.R. 719, in which it was stated: "This equitable doctrine is read into every federal statute of limitations." See also, Austrian v. Williams, D.C., 80 F.Supp. 437, 441.

The doctrine of Bailey v. Glover, is not, however, to be read into a federal statute of limitations where Congress had made it clear, explicitly or by necessary implication, that the statute is not to be so tempered. Equity cannot alter the plain terms of a statute.

The statute under consideration provides that suit is to be brought by a trustee within two years of the date of adjudication or "within such further period of time as the Federal or State law may permit". This reference to federal law, this Court takes it, is a reference to some federal statute other than the Bankruptcy Act, rather than to some body of decisional law.

The cause of action alleged here is created by the Bankruptcy Act, and the applicable statute of limitation is that set forth in the Act itself. Herget, Trustee in Bankruptcy v. Central National Bank & Trust Co., 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656.

To read the doctrine of Bailey v. Glover into this statute would be to distort it completely in all cases in which the trustee seeks to recover a transfer made fraudulent by virtue of the Bankruptcy Act itself. Since the trustee is not appointed until after the date of adjudication and could not discover fraud or be chargeable with a lack of diligence in its discovery until his appointment, then necessarily the limitation in those cases could not run from the date of adjudication as the statute plainly provides it shall. To hold with the trustee would be to create a statute of limitations wholly unlike that established by Congress.

It is true that this equitable doctrine has been employed where the statutory limitation was measured, as here, from some specific event other than "accrual of the cause of action". Exploration Co. v. U. S., 247 U.S. 435, 38 S.Ct. 571, 62 L.Ed. 1200. The present statute, however, involves not only a period measured from some stated event, but establishes that period as the time within which suit shall be brought by a named representative who comes into existence only after that event has passed.

The motion to dismiss will be granted.