In re Harold E. FRIEDMAN, Bankrupt.

**Dennis E. QUAID, as Trustee of the Estate of Harold E. Friedman, Plaintiff,**

v.

**Harold E. FRIEDMAN, and Helen Friedman, as Co-Trustees of the Charles Richard Friedman Trust, dated December 9, 1974, Defendants.**

**Bankruptcy No. 78 B 9575.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Nov. 18, 1981.

Nachman, Munitz & Sweig, Ltd., Chicago, Ill., for debtor.

Dennis Quaid, Chatz, Berman, Maragos, Haber & Fagel, Chicago, Ill., Trustee.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on defendant's motion to dismiss Count I of the complaint of Dennis Quaid, Trustee. The court having considered the briefs and memoranda filed and being fully advised in the premises makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Harold Friedman, debtor, filed his bankruptcy petition on December 6, 1978. Dennis Quaid was appointed trustee of debtor's estate. Debtor's schedules were filed with the court on February 21, 1979. The debtor was examined by the trustee on March 8, 1979.

On December 10, 1980 the trustee filed a two count complaint. Count I seeks to avoid an allegedly fraudulent transfer made by debtor within one year of his filing bankruptcy. The transfer is allegedly fraudulent and voidable pursuant to § 67(d) of the Bankruptcy Act of 1898, formerly 11 U.S.C. § 107(d). The trustee contends that he first became aware of the transfer on February 21, 1979, when the debtor filed his schedules.

Debtor responded to the trustee's complaint with a motion to dismiss Count I of said complaint. Debtor contends Count I should be dismissed because the complaint was not filed within the applicable statute of limitation. The trustee contends the running of the statute of limitation was tolled until the trustee discovered, or with reasonable diligence should have discovered, the fraud that gave rise to the cause of action.

## DISCUSSION

Bankruptcy Act § 11(e), formerly 11 U.S.C. § 29(e), provides in pertinent part:

A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the federal or state law may permit, institute proceedings in behalf of the estate upon any claim. . . .

The parties agree that the date of adjudication in the instant case was December 6, 1978, the date the petition was filed. Bankruptcy Act § 1(12), formerly 11 U.S.C. § 1(12).

Defendant seeks dismissal of Count I of the complaint because the complaint was filed two days after the statute of limitation had run. The trustee contends that the statute of limitation created by § 11(e) did not begin running until the trustee discovered the fraud underlying the cause of action. We agree.

Statutes of limitation are enacted to prevent fraud. Suits are barred after a certain period of time on the theory that suing on old or stale claims tends to work a fraud since evidence is likely to have become impaired or destroyed over time. Thus, statutes of limitation are used to bar suits on stale or old claims and generally are strictly construed.

Courts nevertheless may grant equitable relief from the running of statutes of limitation. The principal enunciation of the doctrine of equitable relief from statutes of limitation is contained in *Bailey v. Glover*, 88 U.S. 342, 21 Wall 342, 22 L.Ed. 636 (1874). In *Bailey* the assignee in bankruptcy of the bankrupt filed a suit to set aside a fraudulent transfer of the bankrupt's assets. Section 2 of the Bankruptcy Act of 1867 established a statute of limitation similar to § 11(e). The assignee's suit was not filed within the applicable two year period of the statute, but the Supreme Court allowed the suit holding:

> when there has been no negligence or laches on the part of a plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such character as to conceal itself, the statute [of limitation] does not begin to run until the fraud is discovered by, or becomes known to, the party suing.

*Id.*, at pages 349–350. *Bailey* has never been reversed or overruled. *See, Exploration Co. v. United States*, 247 U.S. 435, 38 S.Ct. 571, 62 L.Ed. 1200 (1918). Thus *Bailey* established the equitable doctrine that in a suit based upon fraud, so long as the plaintiff is not guilty of laches or negligence, the running of the statute of limitation is tolled until the fraud is discovered, or the plaintiff with due diligence should have discovered the alleged fraud. The Supreme Court has emphatically stated, and restated, that "this equitable doctrine is read into *every* federal statute of limitation." *Holmberg v. Armbrecht*, 327 U.S. 392 at 397, 66 S.Ct. 582 at 585, 90 L.Ed. 743 (1946) emphasis added. This court, following the doctrine formulated by the Supreme Court in *Bailey* and subsequent cases, holds that the statute of limitations created by § 11(e) is subject to the equitable doctrine of tolling enunciated in *Bailey* and discussed above.

*Bailey* has been followed in this Circuit in *Allis-Chalmers Mfg. Co. v. Commonwealth Edison Co.*, 315 F.2d 558 (7th Cir. 1963). The *Allis* court noted that *Bailey* is the landmark case establishing the equitable doctrine that fraudulent concealment of a cause of action tolls a statute of limitation. Moreover, the authoritative treatise by Collier discusses § 11(e) and states that:

> A possible exception to the two year rule may obtain if the cause of action arises under federal law and if it is based upon fraud, since the statute of limitations begins to run only upon discovery of the fraud.

1(a), *Collier on Bankruptcy*, ¶ 11.13[2], p. 1214–15 (14th Ed.).

Defendants cite *Wells v. Place*, 92 F.Supp. 477 (D.C.N.D.Ohio 1950) in support of their contention that the equitable doctrine enunciated in *Bailey* should not be read into § 11(e). In *Wells*, the court did explicitly hold that the *Bailey* principle could not be read into § 11(e). In *Wells*, the trustee's complaint sought to avoid a fraudulent transfer under § 67(d)(3). *Wells* held that the *Bailey* principle should not be read into a statute of limitation

> where Congress had made it clear, explicitly or by necessary implication, that the statute is not to be so tempered.

*Wells, id.* at page 478. *Wells*, however, fails to articulate Congress' intent to make *Bailey* inapplicable to § 11(e). This court believes that § 11(e) is very similar to the statute of limitation considered in *Bailey*. Therefore, *Wells* did not adequately distinguish the *Bailey* facts from the facts before that court. This court cannot agree with *Wells* nor is it bound by that decision. *Bailey* and subsequent Supreme Court cases interpreting it are much stronger authority and represent binding precedent. This court can find

> nothing . . . in § 11(e) to negative the applicability to that section of the recognized equitable exception pertaining to 'fraud', as read into all federal statutes of limitations unless expressly inapplicable thereto.

1(a), *Collier on Bankruptcy*, ¶ 11.13, note 3, page 1216 (14th Ed.).

## CONCLUSION

The trustee's suit to avoid a fraudulent transfer is not barred by the statute of

limitation expressed in § 11(e). The recognized equitable exception applies to toll the running of the statute until the trustee discovers, or should have discovered, the underlying fraud.

WHEREFORE, IT IS HEREBY ORDERED that the defendants' motion to dismiss Count I of the trustee's amended complaint be and hereby is denied.