**In re C.H. BUTCHER, Jr., Debtor.**

**James R. MARTIN, Trustee, Plaintiff,**

**v.**

**FIRST SECURITY NATIONAL BANK & TRUST COMPANY, Defendant.**

**Bankruptcy No. 3–83–01008.
Adv. No. 3–86–0093.**

United States Bankruptcy Court,
E.D. Tennessee.

Nov. 6, 1986.

Weinberger, Weinstock, Sagner, Stevan & Harris, P.A., Cyd Beth Wolf, Baltimore, Md., James R. Moore, Knoxville, Tenn., for plaintiff.

Stoll, Keenon & Park, Joseph M. Scott, Jr., Lexington, Ky., Dearborn & Ewing, James R. Kelley, Nashville, Tenn., for defendant.

---

1. Fed.R.Civ.P. 9(b), adopted as part of Fed.R. Bankr. 7009, requires a party to state with particularity the circumstances constituting fraud where fraud is averred. Minimally, a plaintiff

## MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RICHARD S. STAIR, Jr., Bankruptcy Judge.

At issue is whether a complaint to avoid an alleged fraudulent transfer filed more than two years after the appointment of a Chapter 7 trustee is barred by the limitations period prescribed by 11 U.S.C.A. § 546(a) (West 1979).

On June 24, 1983, an involuntary bankruptcy petition was filed against C.H. Butcher, Jr. This court sustained the petition and entered an order for relief under Chapter 7 on July 15, 1983. The election, pursuant to 11 U.S.C.A. § 702 (West 1979), of James R. Martin as trustee of the debtor's estate was approved by this court on August 17, 1983.

On May 30, 1986, the trustee filed a complaint alleging that a $384,206.10 transfer by the debtor, effected by a cashier's check, to defendant First Security National Bank & Trust Company (First Security) is a fraudulent transfer. The trustee does not allege specific facts supporting his claim of actual fraud.[1] Instead, the trustee's complaint merely recites the language of 11 U.S.C.A. § 548(a)(1) and (2) (West 1979). Additionally, the trustee alleges the transfer is voidable under 11 U.S.C.A. § 544(b) (West 1979).

On June 30, 1986, First Security filed a "Motion For Summary Judgment" contending the trustee's claim is barred by the statute of limitations.

Section 546 of the Bankruptcy Code enacts in material part:

*Limitations on avoiding powers*

(a) An action or proceeding under section 544 ... [or] 548 ... of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee ... [or]

---

must allege the time, place and fraudulent act. See *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir.1984).

(2) the time the case is closed or dismissed.

Undisputedly, the trustee filed his complaint asserting rights under §§ 544(b) and 548(a) more than two years after the date of his appointment (August 17, 1983). However, the trustee contends the limitations period of § 546(a) should be tolled for equitable reasons. According to the trustee, in March, 1985, he discovered that the debtor had paid $384,206.10 to "First Security Bank" on or about March 9, 1983; he immediately inquired of the Federal Deposit Insurance Corporation (FDIC), receiver for First Security Bank of Union County, Tennessee, regarding the payment; in August, 1985, he filed suit against FDIC, as receiver of First Security Bank of Union County, seeking to avoid the $384,206.10 transfer; on November 25, 1985, FDIC informed him that defendant First Security National Bank & Trust Company of Lexington, Kentucky, not First Security Bank of Union County, was the transferee of the $384,206.10 payment he seeks to avoid. The trustee asserts the § 546(a) statute of limitations did not begin to run until he discovered the fraud underlying his cause of action and that he commenced this proceeding within six months of such discovery.

The trustee relies upon *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1875), a suit to avoid an alleged fraudulent transfer brought by the assignee (trustee) of the bankrupt. In *Bailey*, the defendants argued that the suit against them, commenced more than two years after the assignee's appointment, was barred by the limitations period in § 2 of the Bankruptcy Act of 1867, which provided in part:

> [B]ut no suit at law or in equity shall in any case be maintainable by or against such assignee, or by or against any person claiming an adverse interest, touching the property and rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years from the time the cause of

action accrued, for or against such assignee. . . .

Based on this limitations statute, the circuit court sustained the defendants' demurrer to the complaint, which alleged the bankrupt concealed the conveyances the assignee sought to avoid and that those conveyances had been made without consideration and in contemplation of bankruptcy. Reversing, the Supreme Court said:

> To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the Statute of Limitations to protect it, is to make the law which was designed to prevent fraud, the means by which it is made successful and secure. . . . .

> [W]hen there has been no negligence or laches on the part of a plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such character as to conceal itself, the statute does not begin to run until the fraud is discovered by, or becomes known to the party suing, or those in privity with him.

*Bailey v. Glover*, 88 U.S. (21 Wall.) at 349–50.

Arguing that § 546(a) is unequivocal and materially different from § 2 of the Bankruptcy Act of 1867, First Security maintains that *Bailey* is inapposite. According to First Security, equitable tolling of a limitations period is permissible only in "the most egregious of circumstances." Further, First Security maintains there is neither evidence of actual fraud on the debtor's part in connection with the transfer nor evidence it knew of or assented to any fraudulent conduct.

Because there is no allegation of concealment of the transfer by either the debtor or First Security, this adversary proceeding is materially distinguishable from *Bailey*. The trustee has not alleged, much less established, either concealment or a continuing fraud.[2] Assuming arguendo that the

**2.** The trustee's allegation that prior to November, 1985, he did not know and could not have

bar imposed by § 546(a) is not absolute, there is no basis for the exception sought by the trustee. Accordingly, First Security's "Motion For Summary Judgment" will be granted.

discovered through due diligence that property of the debtor's estate had been transferred to

First Security falls short of an allegation of concealment or continuing fraud.