In re C.H. BUTCHER, Jr., Debtor.

James R. MARTIN, Trustee of the Bankruptcy Estate of C.H. Butcher, Jr., Plaintiff,

v.

C.H. BUTCHER, Jr.; David A. Crabtree; Dee Proffit; E.T. Primm; Shirley Ridenour Crabtree; Michael Strauss; Robert Flynn; C.H. Butcher, III; C. Sam Roberts; and Judson Bailey, Defendants.

In re David A. CRABTREE, also known as West Knoxville Investment Company, Inc., Debtor.

D. Broward CRAIG, Trustee of David A. Crabtree, a/k/a West Knoxville Investment Company, Inc., Plaintiff,

v.

E.T. PRIMM; Dee Proffit; Shirley Ridenour; Michael Strauss; and Robert Flynn, Defendants.

Bankruptcy Nos. 3–83–01008, 3–83–01116.

Adv. Nos. 3–86–0184, 3–86–0162.

United States Bankruptcy Court, E.D. Tennessee.

March 19, 1987.

Weinberger, Weinstock, Sagner, Stevan & Harris, P.A., Neal S. Melnick, Cyd B. Wolf, Baltimore, Md., James R. Moore, Knoxville, Tenn., for James R. Martin, Trustee.

Cadwalader, Wickersham & Taft, Mark C. Ellenberg, David F. Williams, Washington, D.C., Walker & Walker, P.C., Knoxville, Tenn., for D. Broward Craig, Trustee.

Harwell & Nichols, Ralph E. Harwell, Randall E. Nichols, Knoxville, Tenn., for Dee Proffit.

Robert C. Sanders, Columbia, Tenn., for E.T. Primm.

Key, Lee, Layman, Child, O'Connor & Petty, Charles H. Child, Knoxville, Tenn., for Shirley Ridenour Crabtree.

Bonnie Phillips Del Corral, Miami, Fla., Michael J. Mollenhour, Knoxville, Tenn., for Michael Strauss.

Robert J. Flynn, Jr., Washington, D.C., pro se.

Macey, Wilensky, Cohen & Wittner, Frank B. Wilensky, Atlanta, Ga., Hatmaker & Hall, Michael G. Hatmaker, Jacksboro, Tenn., for C.H. Butcher, III.

W.P. Boone Dougherty, Knoxville, Tenn., for C. Sam Roberts.

Claiborne, Davis, Buuck & Hurley, David L. Buuck, Trant & Stephens, Mark E. Stephens, Knoxville, Tenn., for Judson Bailey.

David A. Crabtree, pro se.

## MEMORANDUM ON § 546(a) LIMITATION DEFENSE AND DEFENDANT BAILEY'S MOTION TO DISMISS

RICHARD S. STAIR, JR., Bankruptcy Judge.

These consolidated adversary proceedings present the question of whether the limitation period prescribed by 11 U.S.C.A. § 546(a) (West Supp.1986) for avoiding fraudulent transfers pursuant to 11 U.S.C.A. § 548(a) (West 1979 & Supp.1986) is absolute. Plaintiff James R. Martin, trustee for the bankruptcy estate of C.H. Butcher, Jr., essentially contends the § 546(a) limitation period is equitably tolled where property of the estate has been fraudulently concealed. Requesting dismissal for failure to state a claim upon which relief may be granted, defendant Judson Bailey maintains Martin's complaint is time-barred insofar as relief is sought pursuant to § 548. Additionally, Bailey asserts Martin does not have a cause of action against him pursuant to either 11 U.S.C.A. § 542 (West 1979) (Turnover of property of the estate) or 11 U.S.C.A. § 549 (West 1979 & Supp. 1986) (Postpetition transactions), because there is no allegation that C.H. Butcher, Jr. transferred property of the estate to him.

I

On July 15, 1983, this court entered an order for relief under Chapter 7 sustaining the involuntary petition against C.H. Butcher, Jr. On August 17, 1983, Martin was elected to serve as trustee for the C.H. Butcher, Jr. estate. His election was approved by the court on the same date.

On October 17, 1986, more than three years after his appointment as trustee, Martin filed a complaint naming Judson Bailey and others as defendants. Subsequently, with court permission, Martin amended his complaint. Martin alleges in material part that in late 1979 C.H. Butcher, Jr. purchased thirty-one (31) "7¼% Treasury Note Coupons" (serial # 1206 and serial # s 2528–2557); that these coupons are property of the Butcher estate; that some of the coupons were cashed postpetition at the former Union County Bank;

that defendant Bailey obtained possession of at least three of the 7¼% coupons,[1] "without valid consideration" and cashed them on March 5, 1985, depositing the proceeds in an account at Citizens Bank, New Tazewell, Tennessee. Martin further alleges C.H. Butcher, Jr. fraudulently concealed his ownership and transfer of the 7¼% coupons and that, prior to April 23, 1986, he (Martin) "did not know and could not have discovered through the exercise of due diligence that the ... 7¼% coupons and their proceeds were the property of [the] Debtor's Estate or that said property had been transferred to Defendants." Martin seeks to avoid Butcher's transfer of the 7¼% coupons pursuant to Bankruptcy Code § 548(a)(1) and (2).[2]

Additionally, Martin alleges some or all of the 7¼% coupons were impermissibly transferred postpetition and that he is entitled to recover the coupons pursuant to 11 U.S.C.A. § 549 (West 1979 & Supp.1986).[3]

Further, Martin alleges he is entitled to turnover of the 7¼% coupons, or the proceeds thereof, pursuant to 11 U.S.C.A. § 542 (West 1979).[4]

## II

Section 546 of the Bankruptcy Code enacts in material part:

*Limitations on avoiding powers*

(a) An action or proceeding under section ... 548 ... of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702 ... or

(2) the time the case is closed or dismissed.

.     .     .     .     .

11 U.S.C.A. § 546 (West Supp.1986).

Although more than three years elapsed between his appointment and the filing of his complaint, Martin insists his claim is not time-barred because C.H. Butcher, Jr.'s

---

1. The three coupons, reportedly dated February 15, 1985, and each in the amount of $3,625.00, are identified as bearing serial #s 2542, 2556, and 2557.

2. *Fraudulent transfers and obligations*

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C.A. § 548(a) (West 1979 & Supp.1986).

Martin also alleges the transfer of the 7¼% coupons is fraudulent and avoidable pursuant to applicable state law. Tenn.Code Ann. § 66-

3-305 (1982) (Conveyances by insolvent without fair consideration declared fraudulent).

3. *Postpetition transactions*

(a) Except as provided in subsection (b) or (c) [-(c) is immaterial-] of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

(b) In an involuntary case, a transfer that occurs after the commencement of such case but before the order for relief is valid against the trustee to the extent of any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.

.     .     .     .     .

4. Section 542(a) of Title 11 of the United States Code enacts in part: "[A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title ... shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

alleged fraudulent concealment of the 7¼% coupons tolled the § 546(a) limitation period. Martin relies upon *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1875), a suit to avoid an alleged fraudulent transfer brought by the assignee (trustee) of the bankrupt. In *Bailey*, the defendants argued that the suit against them, commenced more than two years after the assignee's appointment, was barred by the limitation period in § 2 of the Bankruptcy Act of 1867, which provided in part:

> [B]ut no suit at law or in equity shall in any case be maintainable by or against such assignee, or by or against any person claiming an adverse interest, touching the property and rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years from the time the cause of action accrued, for or against such assignee....

Based on this limitation statute, the circuit court sustained the defendants' demurrer to the complaint, which alleged the bankrupt concealed the conveyances the assignee sought to avoid and that those conveyances had been made without consideration and in contemplation of bankruptcy. Reversing, the Supreme Court said:

> [W]hen there has been no negligence or laches on the part of a plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such character as to conceal itself, the statute does not begin to run until the fraud is discovered by, or becomes known to the party suing, or those in privity with him.

*Bailey v. Glover*, 88 U.S. (21 Wall.) at 349–50.

More than seventy years later, the Supreme Court stated: "This equitable doctrine [tolling a statute of limitation because of concealment of fraud] is read into every federal statute of limitation." *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). Nonetheless, in *Wells v. Place*, 92 F.Supp. 477 (N.D.Ohio 1950), the district court rejected a bankruptcy trustee's contention that the two-year limitation period for avoiding fraudulent transfers, prescribed by section 11(e) of the Bankruptcy Act of 1898 as amended, was tolled until the fraud was, or in the exercise of due diligence could have been, discovered. *Wells* is not materially distinguishable from *Bailey v. Glover, supra,* which has never been overruled.

Disagreeing with the result in *Wells*, this court concurs with the Supreme Court's common-sense observation in *Bailey v. Glover* respecting the concealment of fraud:

> To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the Statute of Limitations to protect it, is to make the law which was designed to prevent fraud, the means by which it is made successful and secure.

*Bailey v. Glover*, 88 U.S. at 349.

■ Undoubtedly, in enacting § 546(a) Congress never intended to exempt from avoidance fraudulent transfers concealed from the trustee beyond the § 546(a) limitation period. Accordingly, this court holds that the bar imposed by § 546(a) is not absolute; the limitation period is tolled where fraud is concealed.[5] See *Bailey v. Glover, supra; Berman v. Provencher,* 614 F.2d 823, 825 (1st Cir.1980) (trustee's claim against bankrupt for improperly concealed assets not barred by section 11(e)); *Vining v. Ward,* 60 B.R. 660, 663 (Bankr. W.D.La.1986) (two-year limitation of section 11(e) does not apply to actions commenced by a trustee against a bankrupt or other parties to recover concealed property of the estate); *Quaid v. Friedman,* 15 B.R. 493, 494 (Bankr.N.D.Ill.1981) (limitation period created by section 11(e) does not begin to run until trustee discovers the fraud

---

5. Defendant Bailey's argument that as against him the limitation period is not tolled because there is no allegation he fraudulently concealed any transfer has no merit. For purposes of tolling the limitation period the identity of the party, or parties, responsible for any concealment is not important—the critical factor is whether property of the estate has been concealed.

underlying the action). *Cf. Martin v. First Security Nat'l Bank & Trust Co. (In re Butcher)*, 67 B.R. 102 (Bankr.E.D.Tenn. 1986) (no basis for tolling § 546(a) limitation period where the trustee does not allege concealment or continuing fraud), *appeal docketed,* No. 3–86–919 (E.D.Tenn. Dec. 23, 1986). Accepting the allegations of the complaint as true for the purpose of ruling on Bailey's motion to dismiss, because Martin alleges C.H. Butcher, Jr. fraudulently concealed his ownership of the 7¼% coupons and the transfer thereof, the § 546(a) limitation period was tolled until discovery of the concealment (on or about April 23, 1986, according to Martin).

## III

■ Turning to Bailey's contention Martin has no cause of action against him pursuant to either Bankruptcy Code § 542 or § 549, the court notes that in ruling on a motion to dismiss the complaint is construed in a light most favorable to the complainant. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d (1957) (footnote omitted).

While Martin does not explicitly allege the 7¼% coupons were directly transferred by Butcher to Bailey, he does allege that Bailey obtained possession of at least three of the 7¼% coupons. This allegation clearly states a cause of action under § 542, which, with exceptions immaterial, requires the turnover "of property that the trustee may use, sell, or lease ... unless such property is of inconsequential value or benefit to the estate." Further, under the applicable standard for ruling on motions to dismiss, the court declines to find that Martin does not have a cause of action against Bailey under § 549. Martin may be able to prove that Bailey received the three 7¼% coupons postpetition from C.H. Butcher, Jr.

Defendant Bailey's motion to dismiss the amended complaint filed January 29, 1987, will be denied.